**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

          Plaintiff,          Case No. 25-20869

-v-                     Hon. Susan K. DeClercq

D-1 Braylon Marshall

          Defendant.

                              /

# Government's Motion to Revoke Bond and Enter an Order of Detention

While on bond in this case, Braylon Marshall strangled and punched his pregnant girlfriend in the stomach multiple times, holding her captive for hours without her phone and car keys. The victim recorded Marshall making another threat to her over the phone back in July of 2025, before this case, and sending multiple text messages threatening to kill her and her child while on bond. This Court should enter an order revoking Marshall's bond and ordering him detained pending the resolution of this matter.

1

## I.     Factual Background

### a. Bond Violation

On February 18, 2026, while on pretrial release in this matter, Marshall got into an argument with his pregnant girlfriend while driving and slapped her with an open hand. According to the victim, Marshall then drove the victim to his mother's house, grabbed her by the hair, and forced her into the back seat of her car. Marshall got into the backseat of the car and choked the victim with both hands, preventing her from breathing. (Gov. Exh. 1 – *Texas v. Marshall¸* Case No. 1953801, Complaint (Tx. Dist. Ct. Feb. 26, 2026)).

The victim told Houston police that he believed Marshall choked her 25 to 30 times that night. Marshall then dragged the victim out of the car and punched her several times in the stomach, telling her that she did not deserve to have his baby and that he was going to make her "bleed out." Marshall took the victim's keys and phone so she could not contact the police or family members.

The next day, Marshall took the victim to her apartment. While the victim was laying on her bed, Marshall sat on her stomach and strangled her with both hands, cutting off the victim's ability to breath. As the

victim and Marshall were leaving the victim's condo, the victim's adult children recognized Marshall and confronted him. The victim was able to escape will Marshall sped away in her car with $4000 she'd recently taken out from the bank. While speaking to the police after the incident, the victim reported to the police that Marshall had a firearm and that she was scared he would shoot her.

While on pretrial release, Marshall sent the victim threatening text messages, pictured below. And in July 2025, the victim recorded a call where Marshall told her, "I'm going to kill you bitch . . . next time I see you, I'm going to stand over you."[1]

---

[1] This recording has been provided to counsel for Marshall and will be available at the hearing.



11:36 ☾

**Messages**                           See All

6:02 PM

...you wanna **kill** me for? I'm not gonna ever be around for you to do that. I'm done talking just leave me alone. You ain't...

2:29 PM

...if my pretrial officer called or not I'm done proving fuck shit ppl do I'm over it I go to jail I'm **kill** u hoe when I get out point blank period

2:15 PM

I'm find out she been blowing my phone up and said she about to pull up if I go to jail cause u playing fuck games I'm **kill** u bitch and that's on your son



Braylon                              9/18/25

You a scary ass bitch I'm beat the shit outta you to where yo face unrecognizable



2/1/26

Yes you is I ain't on that that's how u got yo ass beat last time

### b. Prior Criminal History

In 2010, Marshall was convicted of assault causing bodily injury along with possession of a firearm by a convicted felon. In 2014, he was convicted of assaulting a family member. And in 2017, he was again convicted of possession of a firearm by a convicted felon. At the time of his appearance in Texas, Marshall had an outstanding warrant for simple assault out of New Orleans.

### II.   Legal Standard

A judicial officer or the government may initiate proceedings to revoke bond when a defendant violates a condition of release, including by committing another crime. *United States v. Gentry*, 156 F.3d 1233, 1233 (table), *available at* 1998 WL 476200 at *1 (6th Cir. 1998). Where the Court *shall* order a defendant detained where the Court find either 1) probable cause the defendant committed a crime while on release or violated any other condition, *and* 2) either the no condition or set of

5

conditions will assure the safety of the community or the person is unlikely to abide by any condition or set of conditions. 18 U.S.C. § 3148(b)(1). Where the Court finds probable cause that the defendant committed a felony, there is a rebuttable presumption that no condition or set of conditions will assure the safety of the community. *Id.* Even where the presumption is rebutted by some evidence, the presumption "remains a factor for consideration in the ultimate release or detention determination." *Gentry*, 1998 WL 476200 at *1.

The Bail Reform Act lists four factors that courts must consider when deciding whether the defendant is risk of danger to the community: 1) "the nature and circumstances of the offense charged"; 2) "the weight of the evidence against the person"; 3) the defendant's "history and characteristics"; and 4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

### III.  Analysis

There is probable cause to believe that Marshall committed a felony while on bond. In fact, there are currently three cases pending in Houston, Texas with Marshall as the named defendant stemming from

this incident and a warrant for his arrest. Therefore, there is a presumption that he is a safety risk.

But even without the presumption, he is a serious risk to assault or kill the victim in this case as well as her unborn child. No condition or set of conditions will assure the safety of the community based on the § 3142(g) factors.

Most notably, there is a specific danger to the victim and her unborn child. Marshall targeted the baby repeatedly during this incident, punching her in the stomach and cutting off her ability to breathe. Marshall's history of past threats as well as his prior assaultive convictions show these threats are serious and pose a serious danger. If returned on bond, Marshall is likely to target the victim again for an assault.

## IV.   Conclusion

For these reasons, the Court should enter an order detaining Marshall pending resolution of this matter.

Respectfully Submitted,

JEROME F. GORGON, JR.
United States Attorney

s/*Stephen Carr*
Stephen Carr
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: 313-226-9103
E-mail: Stephen.carr@usdoj.gov

Dated: March 18, 2026

## Certificate of Service

I certify that on March 18, 2026, I submitted this document using the using the Court's electronic case filing system.

s/ Stephen Carr

Assistant U.S. Attorney
U.S. Attorney's Office